**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | |
| DENINE HASAN, | : | CIVIL ACTION NO. 13-3721 (MLC) |
| | : | |
| Plaintiff, | : | **MEMORANDUM OPINION** |
| | : | |
| v. | : | |
| | : | |
| ASBURY PARK BOARD OF | : | |
| EDUCATION, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**THE PLAINTIFF**, who is a public employee, brings this action to recover

damages for employment discrimination pursuant to 42 U.S.C. § 1981, the New Jersey

Law Against Discrimination ("NJLAD"), and the Federal Pregnancy Discrimination Act

("PDA").  (See dkt. entry no. 1, Compl.)  The Court ordered the plaintiff to show cause

why either (1) the complaint should not be dismissed, or (2) the action should not be

administratively terminated.  (See dkt. entry no. 3, Order to Show Cause.)  As to the

NJLAD claims, the Court is concerned that the plaintiff has pursued or is pursuing

administrative remedies ("NJLAD Remedies") before the New Jersey Division on Civil

Rights ("NJDCR"), thereby barring the NJLAD claims here.  (Id. at 1.)  As to the PDA

claims, the Court is concerned that the plaintiff has failed to exhaust administrative

remedies ("PDA Remedies") and be notified of the right to sue ("Right To Sue Notice")

by the Equal Employment Opportunity Commission ("EEOC") or NJDCR.  Such failure

would bar the PDA claims.  (Id. at 2.)  As to the plaintiff's public employment, the Court

is concerned that the underlying dispute has been, is, or will be the subject of grievance or

disciplinary proceedings before the New Jersey Civil Service Commission, the New

Jersey Office of Administrative Law, or a similar entity ("State Administrative

Proceedings"), thereby requiring the Court to abstain.  (Id. at 2-3.)

        **THE PLAINTIFF** initially stated in response that she (1) waived any available

NJLAD Remedies, and (2) would withdraw any PDA claims, in an apparent concession

that the PDA Remedies had not been exhausted.  (See dkt. entry no. 5, Pl. Response at 1.)

The plaintiff also stated that she "intends to pursue her other claims against the

defendants as set forth the [sic] in the Complaint".  (Id.)  However, the plaintiff failed to

address whether the underlying dispute has been, is, or will be the subject of State

Administrative Proceedings, and the defendants offered no assistance on that issue.

        **THE PLAINTIFF'S COUNSEL** thereafter advised that the plaintiff herself filed:

> a Charge Of Discrimination . . . with the EEOC raising the claims of sex
> discrimination and retaliation that are based upon the same facts set forth in
> her Complaint.  These claims filed with the EEOC were filed subsequent to
> the Federal Complaint and the Order to Show Cause withdrawing of the
> claims under the PDA and NJLAD as it relates to her pregnancy
> discrimination. . . . Plaintiff filed her EEOC complaint after the filing of her
> Complaint in the District Court and without the knowledge of counsel.

(Dkt. entry no. 11, Pl. Further Response at 1-2.)  The plaintiff's counsel submitted a copy

of the charge ("Charge"), which was indeed filed after this action was commenced.  (See

dkt. entry no. 11-1 at ECF p.35, Charge.)  Apparently, the plaintiff now intends to proceed with the PDA claims.  (See Pl. Further Response at 3-4.)

AS THE CHARGE was "filed . . . after the initiation of this suit[, and thus] . . . the EEOC was not given an opportunity to settle the dispute between [the parties] before it reached this Court", and as the plaintiff has not shown that she "has ever received a right to sue letter from the EEOC", the Court "must conclude that [the] claims under [the PDA] cannot proceed".  Longoria v. New Jersey, 168 F.Supp.2d 308, 315 (D.N.J. 2001) (barring claims brought under Title VII of the Civil Rights Act of 1964 for failure to exhaust remedies).

BUT THE COURT will not dismiss the PDA claims with prejudice or administratively terminate the action.  Rather, the Court will follow "the better course" of (1) dismissing the entire complaint without prejudice, and (2) directing the plaintiff "to file a new action", pay a new fee, and "file a new complaint" under a new civil action number when she receives a Right to Sue Notice as to the PDA claims.  McIntyre v. City of Wilmington, 360 Fed.Appx. 355, 356 (3d Cir. 2010) (addressing situation wherein district court dismissed complaint for plaintiff's failure to exhaust remedies, but plaintiff was notified of right to sue after that dismissal).

UPON RECEIVING a Right to Sue Notice, the plaintiff may reassert all of the claims, as long as the plaintiff brings the new action in a timely manner after she receives the Right to Sue Notice.  Furthermore, for the new action to be deemed a continuation of

3

the claims brought under the above-captioned docket number for the purposes of the statute of limitations, **the plaintiff must note in the civil cover sheet and the complaint for the new action that the claims are related to the action brought under the above-captioned docket number**.  In addition, in any new action, the plaintiff must (1) allege the exhaustion of the PDA Remedies, and (2) clarify whether the underlying dispute insofar as it relates to her status as a public employee has been, is, or will be the subject of State Administrative Proceedings.

The Court will issue an appropriate order and judgment.


  s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated: May 21, 2014

4